FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 28 PM 1:08

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | * | CIVIL ACTION |
| VERSUS | * | NO. 05-1384 |
| JEFFERY BROWNSBERGER | * | SECTION "B" |

### ORDER AND REASONS

Before the Court are Motions for Summary Judgment filed by Plaintiff and Defendant (Rec. Doc. No. 8 & 19) pursuant to the Court's prior order urging the filing of dispositive motions as a means for final resolution (Rec. Doc. No. 7). For the following reasons, Plaintiffs' motion for summary judgment is **GRANTED** and Defendant's motion for summary judgement is **DENIED**.

### BACKGROUND

Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") filed a Complaint for Injunctive Relief to enjoin the prosecution of a personal injury lawsuit currently before Louisiana state court. (Rec. Doc. No. 1). National Union seeks a judgment permanently enjoining Defendant Jeffrey Brownsberger, plaintiff in the state court action, from prosecuting claims against National Union pursuant

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No.____

to the Court's September 3, 2003 Final Judgment in <u>Jitney Jungle Liquidating Trust v. June Boyd, et al</u> (No. 02-664) (hereinafter "<u>JJSA v. Boyd</u>"). Specifically, National Union seeks an injunction to enforce the Court's judgment that National Union "has no responsibility for any and all liability claims [under the loss portfolio transfer at issue] that arose prior to May 1, 1998." (Rec. Doc. No. 1 at "Ex. A"). In February, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction and requested parties to submit the instant cross-motions for summary judgment on the merits. (Rec. Doc. No. 7).

## Law and Analysis

### A. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all

2

reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial. Webb v. Cardiothoracic Surgery Associates of North Texas, 139 F.3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. Id. The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. Travelers Ins. Co. v. Liljeberg Enter., Inc., 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Anti-Injunction Act**

The Anti-Injunction Act, 22 U.S.C. § 2283, generally prohibits federal courts from interfering with proceedings in state courts. It provides:

> A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

22 U.S.C. § 2283. The exceptions to federal court action effecting

state court proceedings, enumerated by Congress, are designed to ensure the effectiveness and supremacy of federal law. They are founded on the well-settled principles of *res judicata* and collateral estoppel. Chick Kam Choo v. Exxon Corp., 486 U.S. 140 (1988). Defendant argues the third enumerated exception, "to protect or effectuate [the Court's] judgment," known as the re-litigation exception, is applicable here.

The Fifth Circuit utilizes the following four-part test to determine whether the re-litigation exception precludes litigation of a claim in state court:

> (1) the parties must be identical to, or in privity with, the parties to the prior action;
>
> (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction;
>
> (3) the prior action must have concluded with a final judgment on the merits;
>
> (4) the same claim or cause of action must be involved in both suits.

Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Inc., 434 F.3d 320, 323-24 (5th Cir. 2005); Regions Bank of Louisiana v. Rivet, 224 F.3d 483, 488 (5th Cir. 2000) (quoting New York Life Ins. Co. v. Gillispie, 203 F.3d 384, 387 (5th Cir. 2000)).

The re-litigation exception was "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." Id. at 147. An "essential prerequisite" for application of the re-litigation exception "is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." Id. at 148.

B. Discussion

Defendant does not dispute the recitation of facts and procedural history set forth in the Court's prior order (Rec. Doc. No. 8). See (Rec. Doc. No. 7). In support of Defendant's motion, Defendant contends the Court lacks jurisdiction pursuant to Section "M"'s prior order remanding said action to state court. (Rec. Doc. No. 19 at 3) ("It is important that this Court recognize and uphold Section "M's" previous Remand Order upheld by the Fifth Circuit Court of Appeal."). Defendant also contends the four-part test for determining whether the re-litigation exception to the Anti-Injunction Statute applies is irrelevant because this Court lost jurisdiction at the time of remand to state court. Alternatively, Defendant argues the first prong of the test, that parties must be identical to those in the prior action, is not satisfied because the federal court action (No. 02-644) included multiple parties,

regarding jurisdiction unpersuasive and moot.[1] Our order does not conflict in any material way with the opinions issued by Section "M" or the Fifth Circuit. In the February Order, the Court examined whether personal jurisdiction exists over the Plaintiff. The analysis turned on whether the exceptions outlined under the Anti-Injunction Act, 22 U.S.C. § 2283, applied, therefore vesting the Court with jurisdiction. In determining whether the re-litigation exception applies to the case at bar, the Court examined the record to determine which issues were "actually decided" in the prior proceedings. See <u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 148 (1988). See <u>Royal Insurance Co. of America v. Quinn-L Capital Corporation</u>, 960 F.2d 1286 (5th Cir. 1992). In part because the Defendant was on the list of service of process for the prior action and the order definitively included the state court action at issue, the Court found the current action qualified under the re-litigation exception. The Court maintains that jurisdiction exists over this matter.

The Court disagrees with Defendant's argument that the first prong of the four-part test, that the parties must be identical, has not been met. Defendant contends the federal court action (No. 02-644) included multiple parties and therefore the parties are not identical. Courts have not construed the rule as literally as Defendant argues. "With respect to the first element, the doctrine

---

[1] The Fifth Circuit dismissed Brownsberger's appeal to this Court's Order on May 23, 2006. (Rec. Doc. No. 21). [JUDGE: Should this be in the body/text?]

6

at issue, the Court found the current action qualified under the re-litigation exception. The Court maintains that jurisdiction exists over this matter.

The Court disagrees with Defendant's argument that the first prong of the four-part test, that the parties must be identical, has not been met. Defendant contends the federal court action (No. 02-644) included multiple parties and therefore the parties are not identical. Courts have not construed the rule as literally as Defendant argues. "With respect to the first element, the doctrine of *res judicata* operates to bar a subsequent action against parties, or their privies, to a prior action even though the subsequent action names fewer or more parties than the previous action." <u>Carey v. Sub Sea International, Inc.</u>, 121 F.Supp.2d 1071, 1074 (E.D.Tx. 2000) (citing <u>Coggins v. Carpenter</u>, 468 F.Supp. 270, 280) (D.C.Pa. 1970). "The bare fact that other parties were involved in the prior action and are not involved in the later action does not oust preclusion as to parties participating in both actions." <u>Id.</u> (quoting 18 Wright, Miller & Cooper § 4449 at 413 & n.8).

The Defendant next argues the fourth part of the test, requiring a court adjudicate the same claim or cause of action in both proceedings, is not satisfied. Defendant questions whether the Court's final judgment specifically involved Brownsberger's state

7

court action. We point to the Court's prior order and reasons for guidance:

> To preclude the Defendant's dismissal, the Court must determine "that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." <u>Chick Kam Choo</u>, 486 U.S. at 148. Looking to the record, the Court previously stated "National Union therefore has no responsibility for any and all liability claims or any associated defense and indemnification costs for any and all claims which arose prior to May 1, 1998." Upon reviewing the record of all three related matters, this statement was meant to include the current matter. Brownsberger was a Defendant in the 02-664 matter and was included in the list of service. . . . Here, even though Brownsberger's action was remanded to state court, the subsequent federal court action and final judgement before this Court preclude Brownsberger from seeking damages from National Union. Indeed "any and all claims" would include a personal injury action and the claim, initiated in June 2, 1997 in state court, is prior to May 1, 1998.

Based on this analysis and the applicable law, the Court finds Defendant has not raised any material issues of fact or law to preclude application of the re-litigation exception. Therefore, Defendant is enjoined from litigating in state court, or any other court, the issues that were previously decided by this Court.

New Orleans, Louisiana, this 28th day of <u>June</u>, 2006.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE